### KLEINBERG v. FEINBERG.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

LANDLORD AND TENANT (§ 18*)—LEASE—CONTRACT—EVIDENCE.

In an action for rent, evidence *held* insufficient to establish the making of an oral lease for a year.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 45–48; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Tobe Kleinberg against Henry Feinberg. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Elias Rosenthal, of New York City, for appellant.
Edward D. Dowling, of New York City, for respondent.

PER CURIAM. The plaintiff herein has recovered a judgment for rent for the months of September, 1911, up to and including the month of April, 1912, and from that judgment the defendant appeals.

The right of the plaintiff to recover is based upon a claim that the parties, some time in April, 1911, entered into an oral lease for the premises for one year from May 1, 1911. It is admitted that the defendant occupied the premises up to and including August, 1911, paying rent monthly in advance therefor, and that the premises remained unoccupied from September, 1911, until after May 1, 1912. It is not claimed that the defendant, who had occupied the premises since some time in 1909, was a yearly tenant, or that he was other than a monthly tenant. So that his occupation of the premises after May 1, 1911, with the consent of his landlord, would not constitute him a holdover for an entire term of one year.

The only testimony given as tending to show that defendant made an oral lease for one year is that of one Garrigues, the collector of rents for the agent of the plaintiff, which was substantially that in April he had a conversation with the defendant, in which he told him that his rent in the future would be $25 per month, and that "he would have to take it for one year"; that to this defendant replied that he was considering taking both of plaintiff's stores, and that, if he did, he would want a lease for two years, but that he would have to consult his brother-in-law, and, upon being told by the agent that some decision must be made within a short time, said he did not know just how soon he could see his brother-in-law. This witness says, also, that he then told defendant to give the matter consideration and let him know. He testifies that a few days later the defendant said he " 'could not negotiate on the two stores,' and I said, 'All right; you will consider you are taking the one at $25 according to the letter that we sent you and for one year.' " Upon being asked if defendant made any reply to that statement, he said "No sir; not that I recall."

The defendant testified that some time in April, 1911, he received a letter from the agent saying that his rent after May 1, 1911, would be $25 per month; that he immediately wrote Kleinberg, the husband of the plaintiff, and who it was conceded had authority to act for her, and the letter was admitted in evidence without objection. The letter states in substance that it is the second time within a year and a half that the rent had been raised, and that the writer intended to move unless he heard from Kleinberg within a day or so. Kleinberg admitted on the witness stand that he received this letter. The defendant also testified that Kleinberg called upon him a few days after the letter was written, and he told Kleinberg that, if he insisted on raising the rent to $25 per month, he should move out as soon as he could. To this Kleinberg made no reply, except to say that the property was worth the rental asked. The defendant swore he did not see Garrigues in April, and that, when Garrigues called for the rent in May, he told him of his conversation with Kleinberg, and told Gar-

rigues that he was not going to stay, but would move out as soon as he "could get a chance."

One Chicharo, a witness called by the defendant, who was apparently disinterested, swears that he was present on or about May 3, 1911, when Garrigues came into defendant's store for the rent; that he heard the defendant tell Garrigues the conversation he had had with Kleinberg, and heard the defendant say to Garrigues, "I suppose that I will have to pay you, but the first chance I get I will get out, because you have raised me every year," and that Garrigues said, "Well, it will serve him right, because the most trouble I have is with Mr. Kleinberg." Although Kleinberg was called as a witness, he did not dispute the defendant's testimony.

We think that the plaintiff failed in showing that an oral lease for one year had been made, and the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.